IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JADA H., | : | CIVIL ACTION |
| *INDIVIDUALLY, AND ON BEHALF* | : | |
| *OF A.A.H.,* | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 18-487 |
| | : | |
| PEDRO RIVERA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff Jada H., on behalf of her minor son, A.A.H., sued the Pennsylvania Department of Education (PDE) under the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. 1400, et seq.[1] See Cplt. (doc. 1). She contends the Hearing Officer, who presided over her IDEA due process hearing, erred by finding: (1) he had no jurisdiction to determine whether her son had been denied a "free and appropriate public education" (FAPE), and (2) that she had entered into a settlement agreement with PDE. Pl. Mot. (doc. 22). Defendant PDE argues the Hearing Officer's decision should be affirmed. Def. Mot. (doc. 23). I conclude the Hearing Officer erred by finding the parties had entered into a settlement agreement and DENY Defendant's motion. Based on the undisputed record that Defendant failed to provide a FAPE and owed compensatory education worth $135,200, Plaintiff's motion is GRANTED.

I.   Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, both

---

[1] Although it was amended in 2005 and formally renamed, Pub. L. No. 108-446, 118 Stat. 2715 (2005), the statute is still commonly called IDEA. Price v. Cmwlth. Charter Academy Cyber Sch., No. 17-1922, 2018 WL 1693352, at *1 n.1 (E.D. Pa. April 6, 2018).

parties stipulated to the facts of the underlying dispute. See Stipulations of Fact, Def. Mot. Ex. 7, Pl. Mot. Ex. A (SOF). The other facts – i.e., the dates and substance of the complaints, investigation, and Hearing Officer determination – are documented, and neither party disputes the documents' authenticity. See generally exhibits to Def. Mot. and Pl. Mot.

II. IDEA

Under IDEA, "local educational authorities" (LEAs) – usually school districts – owe every disabled student a FAPE. D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 556 (3d Cir. 2010). Parents of disabled children who believe their LEAs have not provided a FAPE can submit complaints. 20 U.S.C. § 1415(b)(6). In addition to other dispute resolution procedures, parents can request due process hearings, in which impartial Hearing Officers issue decisions "made on substantive grounds based on a determination of whether the child received a" FAPE. 20 U.S.C. § 1415(f)(1)(E)(i).

Federal law encourages LEAs and parents to settle disputes that have reached the due process stage by mandating early resolution sessions and offering a statutory mediation process. 20 U.S.C. §§ 1415(f)(1)(B), 1415(e). Settlement agreements cannot be enforced by Hearing Officers, J.K. v. Council Rock Sch. Dist., 833 F. Supp. 2d 436, 448 (E.D. Pa. 2011), but Hearing Officers do have authority to determine whether a binding settlement agreement exists, West Chester Area Sch. Dist. v. A.M., 164 A.3d 620, 633-34 (Pa. Commw. Ct. 2017) (citing J.K., 833 F. Supp. 2d at 449).

Parties who disagree with a Hearing Officer's decision can challenge it by bringing a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A). Attorneys' fees are available to parties who "prevail[]" in an IDEA action. 20 U.S.C. § 1415(i)(3)(B). This allows parents of disabled children "to effectuate [their children's] rights." D.S. v. Neptune Twp. Bd. of Educ.,

264 F. App'x 186, 189 (3d Cir. 2008).

In Pennsylvania, IDEA due process hearings are run through the Commonwealth's Office of Dispute Resolution. 22 Pa. Code § 14.162. Due process hearings are subject to the state's general administrative code, which also applies to other kinds of administrative hearings. Id. §§ 1.5, 1.6. Hearing Officers "are responsible for presiding over due process hearings, maintaining order and decorum in the hearing room, and otherwise acting to promote efficiency in special education due process hearings, as well as to foster fairness in the process through equal treatment of the parties." Pennsylvania Special Education Dispute Resolution Manual, § 1301(A) (2017) (Manual). In addition to determining whether a FAPE was provided, Hearing Officers can calculate the damages owed to a complaining student, e.g., tuition reimbursement or compensatory education. See Norristown Area Sch. Dist. v. F.C., 636 F. App'x 857, 861 (3d Cir. 2016); see also P.P. ex rel. Michael P. v. West Chester Area Sch. Dist., 585 F.3d 727, 740 (3d Cir. 2009) ("compensatory education is a retrospective and in kind remedy for failure to provide an appropriate education for a period of time").

II.  Undisputed Facts

Plaintiff's son, A.A.H., attended a charter school[2] that was closed in 2016, following the indictment of one of its founders. SOF ¶¶ 10-16; see also http://www.philly.com/philly/education/20160330_New_Media_Technology_Charter_to_close_in_June.html (last visited 1/31/19). Just before her son began 9th grade (for the second time) at his new school, Plaintiff filed a complaint against PDE, asking for compensatory education based on the charter school's

---

[2]  For Pennsylvania students attending charter schools, the charter schools are the LEAs. 22 Pa. Code § 711.3. Once a Pennsylvania charter school has closed, its unmet IDEA responsibilities, e.g., unpaid compensatory education, fall to PDE. H.E. v. Palmer, 220 F. Supp. 3d 574, 586-87 (E.D. Pa. 2016).

failure to provide a FAPE during the years her son attended sixth through ninth grade. Def. Mot. Ex. 1 (8/10/16 Cplt.). PDE investigated and, on October 7, 2016, found Plaintiff's son was owed 297 hours of compensatory education. Def. Mot. Ex. 2. Paid at a rate of $60/hour, Plaintiff was offered $17,820 in compensatory education reimbursements. Id.

Later that school year, on April 13, 2017, Plaintiff filed a due process complaint against PDE, alleging her son had been denied a FAPE and challenging PDE's offer of compensatory education. Pl. Mot. Ex. E. Plaintiff argued, in part, that her son had been excessively suspended due to the charter school's failure to properly manage his behavioral disabilities, and that PDE had improperly deducted those absences from the total compensatory education owed. Id. at 7. On June 1, 2017, PDE modified its decision and awarded Plaintiff's 495 hours of compensatory education, worth $29,700. Pl. Mot. Ex. D at 8.

Plaintiff refused to accept this conclusion, in part because PDE had interpreted any missing records as proof the charter school had met its obligations, and she contended they should serve as proof it had not. See Pl. Mot. Ex. E (6/14/17 letter) at 2. In response, PDE agreed to offer 2,080 hours of compensatory education, reimbursed at $65/hour, for a total of $135,200. Def. Mot. Ex. 5 (8/4/17 email).

Counsel pursued a negotiated settlement that included attorneys' fees and costs and, alternatively, factual stipulations that would allow the due process complaint to go forward without a live hearing. See Pl. Mot. Ex. F (10/30/17 email from PDE counsel to Hearing Officer noting "[t]he parties continue to work toward settlement," and that "PDE also provided Parent's counsel with draft stipulations and proposed the following schedule if we are unable to finalize a settlement agreement"). Before agreeing to submit stipulations to the Hearing Officer, Plaintiff's counsel wrote to the Hearing Officer and posed the following the question: "Assuming the

4

parties are able to compromise on some of the factual questions in this matter and submit it on stipulated facts, . . . [do] you intend to issue a decision adopting the stipulations, rather than dismissing the matter as moot?  Parent will require an order to enforce stipulations if that is how we end up resolving the case."  Pl. Mot. Ex. L (11/4/17 email).  All parties understood that Hearing Officers have no power to enforce settlement agreements, only to determine if they exist.  See J.K., 833 F. Supp. 2d at 449.  The Hearing Officer responded that he would "issue a decision."  Pl. Mot. Ex. M (11/4/17 email).  On November 20, 2017, the parties submitted the case via Stipulation.  See SOF.

The Hearing Officer found the parties' stipulations constituted "a 'settlement agreement' covering all of the student's denial of FAPE claims against the Charter School and/or PDE." 1/26/18 Hearing Officer Determination (doc. 22-1) (H.O.) at 77.  He reasoned that, because the "Stipulation Agreement renders fact-finding by this hearing officer regarding the alleged denial of FAPE and appropriate relief a perfunctory advisory opinion," he could not enter such an opinion.  Id. at 11.  "[A]bsent a substantive issue[,] I no longer have jurisdiction over the otherwise resolved dispute."  Id. (citing 20 U.S.C. § 1415(f)(3)(E)(i)).  He dismissed Jada H.'s complaint as moot.  H.O. at 12.  The issue of attorneys' fees and costs was not part of the Stipulation relied upon by the Hearing Officer.

According to PDE, "the parties through stipulations entered into a binding, legally enforceable settlement agreement," and this case should be dismissed.  Def. Mot. at 2.  Plaintiff argues the Hearing Officer erroneously found he lacked jurisdiction and I should remand, instructing him to issue an administrative order on the merits.  Pl. Mot. at 3.

I decline both requests.  As described below, I overturn the Hearing Officer's legal determination and order relief on the merits.

5

III.  Analysis

The Hearing Officer erroneously found he could not issue a "perfunctory advisory opinion." H.O. at 11 (citing 20 U.S.C. §1415(f)(3)(E)(i)). The provision he cited does not prohibit advisory opinions, it merely reiterates the Hearing Officer's obligation to provide an opinion on substantive grounds. See 20 U.S.C. §1415(f)(3)(E)(i) ("a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a" FAPE). There is no prohibition against advisory administrative opinions, which are required in other educational contexts. For example, Hearing Officers must issue decisions on a contingent basis to accommodate a child whose placement may change. See L.T. v. North Penn Sch. Dist., 342 F. Supp. 3d 610, 621 (E.D. Pa. 2018) (remanding contingent IEP for substantive Hearing Officer review).

The Hearing Officer relied on a recent Commonwealth Court opinion that requires a two-step process: (1) determine whether there is a settlement agreement; and (2) "make a factual finding if the agreement impacts the Parents' pending complaint." H.O. at 10 (citing West Chester, 164 A.3d at 633-34). He determined the stipulations "addresse[d] all of the alleged substantive violations and include[d] necessary appropriate relief," rendering them "a make-whole compensatory education plan." H.O. at 11. He then determined that, because he had no authority to issue any further opinion, he lacked jurisdiction, and he dismissed the matter as moot. H.O. at 12.

The Hearing Officer erred twice. First, he incorrectly determined there was a settlement agreement. Rather than undertaking the second step required by the West Chester court, however, and "mak[ing] a factual finding if the agreement impact[ed] the Parents' pending complaint," 164 A.3d at 634, the Hearing Officer then followed section 408 of the Manual.

6

Section 408 instructs that, "[i]f the parties have reached a settlement of all of the issues raised in the due process complaint, and have advised the hearing officer of this, the hearing officer will close the case, notifying the parties and the ODR case manager." H.O. at 11. The Hearing Officer emphasized the manual's further instruction that "Hearing officers do not approve or disapprove settlements between parties." Id.

The Hearing Officer's reluctance to determine whether a FAPE was provided when the parties had agreed: (1) FAPE was not provided; and (2) that $135,200 in compensatory education was owed, is understandable. Once he found the stipulations constituted a settlement agreement, he believed opining on that issue would constitute approving or disapproving of the settlement agreement. H.O. at 11. He erred, however, by following the Manual over his statutory and regulatory duties. See Manual § 102.B (noting it does not "represent, or have the force of, law or legal authority").

In West Chester, the court reasoned that, even when a settlement agreement is found to exist, the Hearing Officer's options are then to "decide that in light of all the circumstances, including the [] Agreement, the education provided . . . met the requirements of IDEA," or to "decide that despite the [] Agreement, other arrangements for Student were required by law." 164 A.3d at 633-34. This holding tracks the federal statutory requirement that the Hearing Office issue an opinion "on substantive grounds based on a determination of whether the child received" a FAPE. 20 U.S.C. §1415(f)(3)(E)(i).

West Chester's two-step process comports with the long-standing treatment of stipulations in other contexts. Although stipulations of fact are generally left unchallenged by tribunals, legal stipulations remain subject to judicial review. Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289 (1917) ("the court cannot be controlled by agreement of counsel on a

subsidiary question of law"); In re Mintz, 434 F.3d 222, 228 (3d Cir. 2006) ("We are not bound by the parties' stipulations concerning questions of law."). Unlike the Manual, which lacks "the force of [] law," § 10.B, other provisions of Pennsylvania's administrative code support following both steps when determining if a settlement agreement exists. See, e.g., 1 Pa. Code § 35.116 (parties are required to stipulate to undisputed facts in administrative proceedings); 1 Pa. Code § 35.128 and 22 Pa. Code § 14.162 (Hearing Officers have authority to order parties to produce additional evidence).

The Hearing Officer also erred by finding the parties' stipulations constituted a binding settlement agreement. Settlement agreements are contracts under Pennsylvania law, and are binding only if they are entered into knowingly and voluntarily. D.R. by M.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 898 (3d Cir. 1997). Plaintiff told the Hearing Officer that she would enter into the stipulations only if he did not find that they constituted a settlement agreement. Pl. Mot. Ex. L (11/4/17 email) ("[do] you intend to issue a decision adopting the stipulations, rather than dismissing the matter as moot? Parent will require an order to enforce stipulations if that is how we end up resolving the case."). Such conditional acceptance does not create a binding agreement. By finding the stipulations constituted a settlement agreement, the Hearing Officer concluded Plaintiff had unwittingly entered into a settlement agreement against her will, in violation of Pennsylvania law. Muse B. v. Upper Darby Sch. Dist., 282 F. App'x 986, 990 (3d Cir. 2008); see also Walton v. Johnson, 66 A.3d 782, 786 (Pa. Super. 2013) ("It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration, or mutual meeting of the minds") (citing Jenkins v. Cty. of Schuykill, 658 A.2d 380, 383 (1995)).

8

IV.     Relief

Plaintiffs are required to exhaust IDEA's administrative process to provide subject matter jurisdiction to a reviewing court. 20 U.S.C. § 1415(i)(3)(A). This requirement can be excused in cases of "futility," when plaintiffs have previously participated in hearings in front of an administrative law judge to resolve a student's classification and placement, and, in addition, the factual record has been fully developed. Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 280–81 (3d Cir. 2014) (citing W.B. v. Matula, 67 F.3d 484, 496 (3d Cir. 1995), abrogated on other grounds by A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 799 (3d Cir. 2007)); see also Derrick F. v. Red Lion Area Sch. Dist., 586 F. Supp. 2d 282, 295 (M.D. Pa. 2008); Adam C. v. Scranton Sch. Dist., 07–0532, 2008 WL 4411849, at *1–2, (M.D. Pa. Sept. 23, 2008); James S. v. Sch. Dist. of Phila., 559 F. Supp. 2d 600, 619 (E.D. Pa. 2008); Vicky M. v. Northeastern Educ. Intermediate Unit 19, 486 F. Supp. 2d 437, 452–53 (M.D. Pa. 2007). The administrative exhaustion requirement is excused here because the parties have fully developed the factual record and followed the administrative process. Batchelor, 759 F.3d at 281.

Having examined the administrative record, I am authorized to grant "such relief as [I] determine[] is appropriate" based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(i)-(iii). Those remedies include compensatory education. Batchelor, 759 F.3d at 272. Based on the parties' stipulated facts and my own independent review of the record, I order PDE to provide Plaintiff 2,080 hours of compensatory education, reimbursed at a rate of $65/hour for a total of $135,200 of compensatory education.

An appropriate Order follows.