IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADA H., *INDIVIDUALLY, AND ON BEHALF OF A.A.H.*, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 18-487 |
| PEDRO RIVERA, et al., Defendants. | : : | |

ORDER

AND NOW, on this 4th day of February, 2019, upon consideration of Plaintiff's Motion for Judgment on the Administrative Record (doc. 22), Defendant's Motion for Summary Judgment (doc. 23), and the responses thereto, it is ORDERED that:

1. PDE will provide Plaintiff's son 2,080 hours of compensatory education, reimbursed at a rate of $65/hour for a total of $135,200 of compensatory education.

2. This compensatory education may be used by Plaintiff in her sole discretion so long as:

    a. The provider of the services is properly credentialed, licensed, or certified;

    b. Compensatory education is used for services that occurred on or after October 7, 2016; and

    c. The services take the form of appropriate developmental, remedial, or enriching instruction or services that further the goals of A.A.H.'s current or future Individualized Education Programs (IEPs), remediate past denials of a FAPE, or overcome the effects of A.A.H.'s disability. Examples of permissible uses of compensatory education funds include but are not limited to the following:

i. Educational or remedial instruction programs, including tutoring, courses, private school, after school programs, summer and winter break programs;

ii. Related services, as that term is defined by IDEA and its implementing regulations;

iii. Evaluations and assessments by appropriately credentialed individuals, including but not limited to psychoeducational assessments, functional behavior assessments, vocational assessments, related services assessments, transitional assessments, and neuropsychological assessments as permitted by the IDEA;

iv. Behavioral therapy, training, or education provided by Board Certified Behavior Analysts (BCBAs) or Board Certified Assistant Behavior Analysts (BCABAs) or providers under the authority and supervision of a BCBA or BCABA, such as an Applied Behavior Specialist, or by qualified behavioral specialists, therapeutic support staff, personal care assistants, or licensed or appropriately accredited providers, schools, or programs;

v. Transition services and planning, as defined by the IDEA, including services that instruct A.A.H. in skills needed for employment, postsecondary education, or independent living, including but not limited to apprenticeships;

vi. Services of appropriately credentialed professional educators to assist in devising A.A.H.'s educational program, and identifying/selecting appropriate assistive technology devices;

vii. Parent training;

viii. Transportation costs to the provider of services for which reimbursement is due, including but not limited to public transportation and transportation at the then-applicable Commonwealth of Pennsylvania's reimbursement rate when such transportation is

provided by Plaintiff or A.A.H. to travel to and from a provider providing compensatory education services as described herein;

ix. Materials, services, and equipment, as that term is defined by the IDEA and its implementing regulations, that further the goals of A.A.H.'s current or future IEPs or private school education plans or will assist A.A.H. in overcoming the effects of his disabilities, as identified in evaluation report(s) prepared by an appropriately credentialed professional, A.A.H.'s IEP, or an education plan developed by a private school, including supporting the development of skills in Science, Technology, Engineering, Art, and Math (STEAM), improving his social, fine or gross motor, behavioral, adaptive, and language skills, or preparing him for employment or independent living;

x. Private, parent-selected educational placements and equipment or activity fees for nonacademic and extracurricular services and activities as defined by 34 C.F.R. § 300.107(b);

xi. Assistive technology, as that term is defined by the IDEA and its implementing regulations, including computers, printers, tablets, and educational software; and

xii. Nonacademic and extracurricular activities designed to assist A.A.H. with improving his social skills, his behavior, furthering his transitional programming, or otherwise overcoming the effects of his disability as related to the provision of a FAPE.

                        BY THE COURT:

                        */s/ Timothy R. Rice*
                        Honorable Timothy R. Rice
                        U.S. Magistrate Judge