## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADA H., Individually, and on<br>behalf of A.A.H., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PEDRO RIVERA, et al., | : | No. 18-487 |
| Defendants. | : | |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                 **June 6, 2019**
**U.S. Magistrate Judge**

Plaintiff moves for attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).  Pl.

Mot. (doc. 32).  For the following reasons, I award $43,659.40 in attorney's fees and costs.

**Attorney's Fees**

Plaintiff Jada H., on behalf of her minor son, A.A.H., is entitled to "reasonable attorney's

fees" pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20

U.S.C. § 1400, et seq., because she "prevailed" in her claim against the Pennsylvania Department

of Education.  20 U.S.C. § 1415(i)(3)(B).  Plaintiff must prove her fee request is reasonable.

United States ex rel. Palmer v. C&D Techs., Inc., 897 F.3d 128, 139 (3d Cir. 2018).  She must

submit the hours worked and rates charged, along with evidence demonstrating both are

reasonable.  M.M. v. Sch. Dist. of Philadelphia, 142 F. Supp. 3d 396, 404 (E.D. Pa. 2015).  The

"lodestar," or the reasonable rate multiplied by the reasonable number of hours worked, is the

basis for the award.  Id. (citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703

n.5 (3d Cir. 2005).  A "reasonable rate" is determined based on the community's prevailing

---

[1]     Although it was amended in 2005 and formally renamed, Pub. L. No. 108-446, 118 State.
2715 (2005), the statute is still commonly called the IDEA.  Price v. Cmwlth. Charter Acad.

market rate for attorneys of similar experience and skill at the time of the fee petition, and I must review the hours billed to exclude any that are unnecessary, redundant, or inadequately documented.  M.M., 142 F. Supp. 3d at 404.

**The 10-Day Offer**

Under the IDEA, attorney's fees can be reduced by the so-called "10-day offer rule." Attorney's fees that would otherwise be available to a prevailing parent cannot be awarded for any legal work performed after a written settlement is offered if: (1) the offer is made more than ten days before the proceeding; (2) the offer is not accepted within ten days; and (3) the court finds the relief obtained is not more favorable than the settlement offer.  20 U.S.C. § 1415(i)(3)(D)(i).  The rule does not apply, however, if the parent was "substantially justified" in rejecting the offer.  Id.  "A parent is substantially justified in rejecting an offer that does not include the payment of reasonable attorney's fees when the school district cannot reasonably believe that no attorney's fees have accrued."  Rena C. v. Colonial Sch. Dist., 890 F.3d 404, 420 (3d Cir. 2018).

**Relevant Facts**

Plaintiff requests $50,604.50 in fees and $400 in costs.  Pl. Mot. at 23.  Defendant offered Plaintiff $17,820 in compensatory education on October 7, 2016; $29,700 in compensatory education on June 1, 2017; and $135,200 in compensatory education on August 4, 2017.  2/4/19 Opinion at 4.  On August 18, 2017, Defendant offered Plaintiff $5,000 in attorney's fees.  By that time, Plaintiff's records listed $8,969.50 in fees.  See Pl. Mot., Exs. B, C.  On February 4, 2019, Plaintiff prevailed on her claim by winning summary judgment.  2/4/19 Opinion and Order (docs. 30-31).

---

Cyber Sch., No. 17-1922, 2018 WL 1693352, at *1 n.1 (E.D. Pa. April 6, 2018).

**Analysis**

Defendant challenges Plaintiff's fee request based on: (1) the 10-day offer rule; (2) the rates; and (3) the hours. Def. Resp. (doc. 34) at 7-11. I find the 10-day offer rule does not apply, and Defendant owes $43,659.40 in reasonable attorney's fees and costs.

**The 10-Day Offer**

Plaintiff offers two arguments why the 10-day offer rule should not apply: (1) she received more favorable relief by obtaining a court order than she would have by settling; and (2) she was "substantially justified" in rejecting the August 2017 offer because it included inadequate attorney's fees. Pl. Reply (doc. 37) at 1-4. Plaintiff contends she received more favorable relief by proceeding to the administrative hearing and then federal court than she would have by settling with Defendant because the compensatory education offered in August 2017 needed to be spent by the earlier of Plaintiff's son's high school graduation or twenty-first birthday. The proposed stipulation and court order in this case did not include a time restriction for compensatory education spending. Id. at 1-2; compare Def. Mot. for SJ (doc. 23), Exs. 5, 7. Plaintiff claims it is impossible to spend Plaintiff's award "in six months." Pl. Reply at 2. Plaintiff ignores, however, that Defendant's offer was made in August 2017, two school years – not six months – before Plaintiff's son's graduation.

Nevertheless, Defendant's fee offer does not satisfy Rena C. Plaintiff had accrued $8,969.50 in fees, according to Plaintiff's calculations, by August 18, 2017. See Pl. Mot., Exs. B, C. If those fees were reasonable, Plaintiff was substantially justified in rejecting Defendant's offer. Rena C., 890 F.3d at 420. As explained below, although I find Plaintiff had incurred reasonable fees of only $7,857.50, Plaintiff's fees exceeded Defendant's offer of $5,000 by more than 50% and justified Plaintiff's rejection of Defendant's offer.

**Reasonable Rates**

Plaintiff contends reasonable rates for her attorneys are: (1) $495/hour for David Berney; (2) $325/hour for Morgan Black-Smith; and (3) $270/hour for Kevin Golembiewski. Pl. Mot. at 3. She justifies these rates with: (1) declarations from Berney, Black-Smith, and Golembiewski describing their credentials; (2) a separate declaration from Berney describing the 2015 increase in his firm's billing rate; (3) several representation agreements dating from September 2016; (4) attorney's fee memoranda from other cases; (5) declarations from five colleagues; (6) declarations from colleagues submitted in other cases; (7) the CLS rate schedule; and (8) the ALM billing summary. Pl. Mem., Exs. B-O.

Defendant suggests that reasonable rates are $425/hour rate for Berney and $270/hour for Black-Smith. Def. Resp. at 5. It argues that $495/hour far exceeds the $367.50/hour Berney charged clients in July 2015, and that the $425/hour rate he was awarded in February 2017. Id. at 5-6 (citing Nicole B. v. Sch. Dist. of Philadelphia, No. 16-1457, 2017 WL 783757, at *5 (E.D. Pa. Feb. 28, 2017)). It contends that Black-Smith's twelve years of experience are misleading, since only two years were in special education law, and that I should also adopt the $270/hour rate she was awarded in 2017. Nicole B., 2017 WL 783757, at *5.

I find $478/hour is a reasonable rate for Berney, and $270/hour for Black-Smith. "The 'starting point' in determining the appropriate hourly rate is the attorneys' usual billing rate, Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist., 152 F.3d 228, 231 (3d Cir. 1998) (citing Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995)), and Berney has submitted evidence showing he was charging clients $495/hour in 2016, when he began Plaintiff's case. Pl. Mot., Ex. E. Nevertheless, Defendant argues that Berney's rates increased without justification between 2015 and 2016, as supported by a 2017 court approval of a

4

$425/hour rate. Although Berney has not produced sufficient evidence to justify a further

increase of $70/hour since 2016, an increase of four percent per year is reasonable. Ryan P. ex

rel. Christine P. v. Sch. Dist. of Philadelphia, No. 07-2903, 2008 WL 724604, at *6 (E.D. Pa.

Mar. 18, 2008). Increasing Berney's 2016 $425/hour rate by four percent annually results in a

reasonable rate of $478/hour.

Black-Smith's billing rate must recognize her limited time practicing special education

law. See Nicole B., 2017 WL 783757, at *4-5. A reasonable rate for Black-Smith's special

education work is $270/hour.[2] Id. Defendant does not challenge Mr. Golembiewski's rate,

which is also $270/hour. See generally Def. Resp.

**Hours Reasonably Spent**

Defendant challenges three types of work reflected in the time entries: (1) work before

the representation agreement was executed; (2) work regarding the state complaint; and (3)

excessive conference work and correspondence with co-counsel. Def. Resp. at 7-11.

Although administrative work related to drafting a fee agreement may not be billable,

there is no reason to think that the legal research and analysis required to determine whether a

claim is tenable "could not be charged to a private client." Id. at 7. I therefore remove only the

second two entries from Berney's time records, reducing his request by 0.3 hours. Pl. Mot., Ex.

B. An entry that references the "representation agreement," is for Black-Smith's initial meeting

with the client, in which she learned of the facts of the case and explained the representation

agreement to the client. Id., Ex. C.

In terms of the hours spent on the state complaint, Defendant argues that this charge is

unreasonable. It contends that attorney's fees are not available for such preliminary work. Def.

---

[2] Because Black-Smith left the case in 2018, before the bulk of the federal case was

Resp. at 8-10 (citing Vultaggio ex rel. Vultaggio v. Bd. of Educ., 343 F.3d 598, 602 (2d Cir. 2003)). It relies on the Federal Register, which notes in response to a comment, 20 C.F.R. § 300.18, that "the State complaint process is not an administrative proceeding or judicial action, and therefore, the awarding of attorneys' fees is not available under the Act for State complaint resolutions." 71 Fed. Reg. 46602 (Aug. 14, 2006).

Adopting Defendant's position, however, is inconsistent with Rena C., 890 F.3d at 420, as well as the IDEA, which encourages parties to resolve disputes as efficiently as possible by mandating early resolution sessions and offering a statutory mediation process, 20 U.S.C. §§ 1415(f)(1)(B), 1415(e). The IDEA also requires any resolution through those processes to result in a "legally binding agreement." Id. § 14154(f). Attorney's fees are available in subsequent federal litigation if the litigant was "substantially justified" in rejecting any settlement offer. Id. § 1415(i)(3)(E).

I must consider both this "statutory context of the fee provision at issue" as well as "the real consequences of withholding attorneys' fees." M.R. v. Ridley Sch. Dist., 868 F.3d 218, 227 (3d Cir. 2017) (citing S. Rep. No. 99-112, at 2 (1985)). By finding litigants "substantially justified" in refusing a settlement that does not include reasonable attorney's fees, the court in Rena C. reasoned that a Local Educational Authority, such as Defendant, should be unable to undermine the IDEA's goal of "ensur[ing] that due process procedures . . . are available to all parents." Id. at 227.

With the reductions in Berney's hourly rate and time billed during the preliminary stage, the reasonable fees incurred in advance of the 10-day offer total $7,787.50. Plaintiff was "substantially justified" in rejecting Defendant's fee offer. Rena C., 890 F.3d at 420.

litigated, I will not apply any annual increases.

**Reasonable Hours**

I decline to reduce any hours for conferencing between Berney and Black-Smith because

I have reduced Black-Smith's rate to acknowledge her limited experience. An attorney with

such limited experience requires additional supervision. For the same reason, I do not reduce

hours spent supervising Golembiewski. I do, however, reduce a total of 3.4 hours for Berney.[3]

Those entries appear related to the transition between attorneys. See Planned Parenthood of

Cent. N.J. v. Attorney Gen. of New Jersey, 297 F.3d 253, 271 (3d Cir. 2002) (agreeing that

"hours billed as a result of 're-staffing' . . . cannot be recovered"). I also reduce 11.1 hours of

Golembiewski's[4] time because these hours are either related to attorney turnover, or, like the

many hours spent drafting, revising, and responding to the motion for summary judgment, would

have been greatly reduced if a new attorney had not been required to relearn the factual,

procedural, and legal history of the case. Id.

---

[3]    I strike the following excessive or redundant entries from Berney's time records: (1) 0.3 hours on 6/28/16 spent speaking with the client (before Black-Smith's "initial" call with the client on 6/29/16) and "assigning" the case to Black-Smith; (2) 0.1 hours on 6/12/18 spent consulting with Sang and Black-Smith about transferring the file to Sang (the file was not transferred to Sang); (3) 0.1 hours on 6/18/18 spent reviewing Black-Smith's withdrawal of appearance; (4) 0.1 hours on 7/10/18 spent conferencing with Sang and assigning her to enter her appearance; (5) 0.1 hours on 7/17/18 spent consulting with Sang; (6) 0.2 hours on 10/4/18 spent emailing with Sang; (7) 0.4 hours on 11/27/18 spent emailing with Black-Smith about her declaration and revising Black-Smith's declaration; (8) 0.1 hours on 11/29/2018 spent emailing Black-Smith about her declaration; (9) 0.2 hours on 11/30/18 spent reviewing and emailing Black-Smith about her declaration; (10) 0.2 hours on 12/1/18 spent consulting with Golembewski about Black-Smith's declaration; and (11) 1.6 hours on 2/13/19 spent reviewing Black-Smith's time records. The 3.3 hours on 2/14/19 and 2/18/19 spent reviewing attorney time records should have been more than sufficient for purposes of this petition.

[4]    I strike the following excessive or redundant entries from Golembiewski's time records: (1) 1.6 hours on 11/21/2018 spent drafting; (2) 1.2 hours on 11/24/2018 spent drafting; (3) 1.9 hours on 11/25/2018 spent drafting; (4) 1.0 hours on 11/26/2018 spent drafting; (5) 1.5 hours on 11/27/2018 spent drafting; (6) 1.1 hours on 11/30/2018 spent drafting; (7) 0.1 hours on 11/30/2018 spent emailing with Black-Smith; (8) 0.7 hours on 12/3/2018 spent drafting; (9) 1.8 hours on 1/9/2019 spent drafting; and (10) 0.2 hours on 1/10/2019 spent drafting.

Defendant does not contest Plaintiff's request for $400 in costs. Therefore, the final attorney's fees and costs award consists of:

| | | |
|---|---|---|
| Attorney Berney @ $478/hour | 51.3 hours | $24,521.40 |
| Attorney Black-Smith @ $270/hour | 32.6 hours | $8,802 |
| Attorney Golembewski @ $270/hour | 36.8 hours | $9,936 |
| Costs | | $400 |
| Total | | $43,659.40 |

An appropriate Order accompanies this Opinion.